THE STATE (on the relation of John L. Everet) *vs.* JAMES ROE.

To an information in the nature of a *quo warranto,* the defendant can plead but one plea.

Argued before ELMER and HAINES, Justices.

The facts in this case appear in the opinion of the court, delivered by

HAINES, J. To an information in the nature of a *quo warranto,* the defendant has pleaded three several pleas, and the counsel of the state now moves a rule upon the defendant to elect which of them he relies upon for his defence, and that the others be stricken out.

The motion presents the question, whether, in such a proceeding, more than one plea can be pleaded.

At common law, a defendant could not plead several distinct defences to the same part of a declaration. The right to plead several matters in defence, in any case, is derived entirely from the statute.

Our act to facilitate pleadings, of 1st February, 1799, (*Rev. Stat.* 951,) authorizes a plaintiff in replevin, and a defendant or tenant in every other action, to plead in any court of record, with the leave of such court, as many several matters as he shall think necessary for his defence.

The act is substantially the same as that of 4 *Anne*, c. 16, and the question of its application to an information in the nature of a *quo warranto* was considered in *Rex* v. *Newland, Sayre's Rep.* 96, decided at Trinity Term, 27 *Geo.* 2, 1753.

On a rule to show cause why the defendant in such proceeding should not have leave to plead several matters, it was held that the act 4 *Anne*, c. 16, did not extend to such an information; and the court said, "there is no instance of the court's having given leave to plead several pleas in an information in the nature of a *quo warranto*."

The same construction was given in *Rex* v. *Leigh*, 4 *Bur. R.* 2143, and in *Rex* v. *Blatchford*, 4 *Bur.* 2147.

To the case of *The People* v. *Richardson*, 4 *Cowen* 113, is subjoined a very elaborate note, giving the mode of proceeding in informations of this character, and a classification of the authorities on the subject; and the author there quotes the cases above referred to with approbation, and sanctions the rule as there stated. That such was the true construction of the act of 4 *Anne*, c. 16, is further manifested by the act of 32 *Geo.* 3, *ch.* 58 (1792), which Lord Kenyon, Ch. Just., held in *Rex* v. *Autridge*, 8 *T. R.* 467 (1800), to give the defendant in such a proceeding liberty to plead several pleas, the concluding words of the statute being, "or such several pleas as the court may on motion allow."

But in this state we have no such statute, and there is no reason why we should not give to our act of 1st February, 1799, the same construction that was given to the similar statute of 4 *Anne*, c. 16.

But the inquiry here arises, whether the act of 17th March, 1855, to simplify pleadings and practice in courts

of law, usually called the new practice act, authorizes more than one plea in such a proceeding.

That act provides that the defendant in any action may, by leave of the court or a judge, plead in answer to the declaration, or other subsequent pleading of the plaintiff, as many several matters as he shall think necessary to his defence, upon an affidavit that he is advised and believes that he has just ground to traverse the several matters proposed to be traversed by him, or that the several matters sought to be pleaded by way of confession or avoidance are, respectively, true in substance and in fact.

The *mode* in which leave is to be obtained for setting up several matters in defence is materially altered, but *that leave* is not to be extended to any action or proceeding not mentioned in the act of 1st February, 1799.

The language of both acts is substantially the same; in the one, it is provided that the plaintiff in replevin, and defendant or tenant in every other action, may plead, &c., in the other, that defendant in any action may plead, &c. The one just as comprehensive, and no more so, than the other.

An information in the nature of a *quo warranto* is not regarded as an action, in the sense used in the statute. It involves a civil right, that of holding an office, and the relator may recover his costs against the defendant, or be adjudged to pay costs to him; but it is in the nature of a criminal proceeding. It is in the name of the state, for an offence alleged to have been committed against the state in the usurpation of some office or franchise; and the offender may not only have judgment of ouster against him, but be fined for his intrusion.

In *Rex* v. *Leigh*, 4 *Burr.* 2146, Lord Mansfield expressly distinguishes between a civil action and this manner of proceeding, and declares them to be quite different. And, for this reason chiefly, the statutes to facilitate pleadings cannot be held to apply to an information in the nature

of a *quo warranto ;* the defendant in pleading is subject to the rule of the common law, which forbids more than one defence to the same part of the declaration.

The motion of the counsel of the state must therefore prevail.

Let a rule be entered that the defendant, within ten days after a service of a copy of it upon him or his attorney, elect which one of the pleas pleaded he relies upon for his defence, and that the other pleas be stricken out.

CITED *in Att'y-Gen.* v. *Del. & B. B. R. R. Co.,* 9 *Vr.* 284.